STEPHEN YAGMAN (SBN 69737)
JOSEPH REICHMANN (SBN 29324)
filing@yagmanlaw.net
YAGMAN + REICHMANN, LLP
333 Washington Boulevard
Venice Beach, California 90292-5152
(310)452-3200

Presented on behalf of Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| R. WHITE,<br><br>Plaintiff,<br><br>v.<br><br>MICHEL REY MOORE, BEATRICE GIRMALA, BLAKE H. CHEN, KELLY MUNIZ, RAFAEL RAMIREZ, STEVEN EMBRICH, UNKNOWN STEVENS, SOUTHARD #21984, MALDANADO #43223, UNKNOWN ROBLES, ERIC MICHAEL GARCETTI, GILBERT CEDILLO, PAUL KREKORIAN, ROBERT BLUMENFIELD, NITHYA RAMAN, PAUL KORETZ, NURY MARTINEZ, MONICA RODRIGUEZ, MARQUEECE-HARRIS-DAWSON, MARK RIDLEY-THOMAS, MICHAEL JOSEPH BONIN, JOHN LEE, MITCH O'FARRELL, KEVIN DE LEON, JOSEPH BUSCAINO, and ONE HUNDRED UNKNOWN NAMED DEFENDANTS, 1-100,<br><br>Defendants. | 2:21-cv-06003-DOC-KES<br><br>**COMPLAINT**<br><br>(LAPD Police Brutality and Thuggery, For Damages and Injunctive Relief, 42 U.S.C. § 1983, 18 U.S.C. § 1961, *et seq.*)<br><br>**CLASS ACTION ALLEGATIONS**<br><br>**JURY DEMAND** |

Plaintiff makes the following allegations, in support of the this complaint:

//

//

1

## JURISDICTION AND VENUE

1. Plaintiff, **R. WHITE**, who is the spouse of C. Finley, who is the plaintiff in *Finley v. Garcetti*, both of whom are Black persons, and class members (hereinafter referred to collectively as "plaintiffs") assert federal claims, under 42 U.S.C. § 1983 (civil rights) and 18 U.S.C. § 1961-64 (RICO) against defendants, subject matter jurisdiction lies pursuant to 28 U.S.C. § 1331 of the federal claims, and defendants' conduct affects and interferes with interstate commerce.

2. The matters that are the bases for this action occurred in Los Angeles County, California, and in the City of Los Angeles, and therefore venue lies in the United States District Court for the Central District of California, and in its Western Division, pursuant to 28 U.S.C. § 1391.

## THE PARTIES

3. Plaintiff and all class members, who number in the thousands, are persons who have been subject to LAPD police brutality and thuggery; and defendants are: **MICHEL REY MOORE**, LAPD Chief of Police, **BEATRICE GIRMALA**, Asst. LAPD Chief, Director, Office of Operations, **BLAKE H. CHEN,** Deputy LAPD Chief, Operations West Bureau, **KELLY MUNIZ**, LAPD Patrol Commanding Officer, Pacific Area, **RAFAEL RAMIREZ,** LAPS Commander, West Bureau, **STEVEN EMBRICH,** LAPD Captain, Commander, Pacific Division, **UNKNOWN STEVENS,** LAPD Watch Commander, Pacific Division, **SOUTHARD #21984,** LAPD Desk Officer, Pacific Division, **MALDANADO #43223,** LAPD Officer, **UNKNOWN ROBLES,** LAPD officer; **ERIC MICHAEL GARCETTI,** City of Los Angeles' mayor; **GILBERT CEDILLO, PAUL KREKORIAN, ROBERT BLUMENFIELD, NITHYA RAMAN, PAUL KORETZ, NURY MARTINEZ, MONICA RODRIGUEZ, MARQUEECE-HARRIS, MARK RIDLEY-THOMAS, MICHAEL JOSEPH BONIN, JOHN LEE, MITCH O'FARRELL, KEVIN DE LEON, JOSEPH**

BUSCAINO, who are City of Los Angeles City Council members; **WILLIAM J. BRIGGS, II, EILEEN MAURA DECKER, DALE EVAN BONNER, MARIA LOU CALANCHE,** and **STEVEN LLOYD SOBOROFF**, who all are members of the City of Los Angeles Board of Police Commissioners; **WILLIAM JOSEPH BRATTON** and **CHARLES LLOYD BECK**, who are former City of Los Angeles Chiefs of Police; **RICHARD JOSEPH RIORDAN** and **JAMES KENNETH HAHN**, who are former City of Los Angeles Mayors; and **ONE HUNDRED UNKNOWN NAMED DEFENDANTS, 1-100** (all of whom are referred to collectively as "defendants"), and the **UNKNOWN NAMED DEFENDANTS**, whose true identities presently are unknown, who participated in the wrongful acts alleged hereinbelow, and whose conduct is culpable, and whose unknown names will be replaced by their true identities when those true identities are learned, or are persons and/or entities whose true names presently are unknown, and who may have engaged in some conduct that is culpable with respect to plaintiff, as set forth hereinbelow. All defendants engaged in the same conduct by participating in, facilitating, and making the decisions that resulted in the wrongs hereinbelow alleged.

4. Defendants each and all are sued in both their individual capacities and in their official capacities, for the claims made under *Monell v. Dep't of Soc. Svcs. of the City of New York*, 436 U.S. 657 (1978), with respect to which defendants are sued in their official capacities only; and in their individual capacities only for the RICO violations hereinbelow alleged.

5. Plaintiff and class members all are persons who have been brutalized and subject to both constitutional violations and RICO violations by defendants.

6. Defendants and each of them play and played some material role in the acts and/or omissions alleged hereinbelow and in the setting of policies of the LAPD.

## ALLEGATIONS COMMON TO EACH COUNT

7. Each and every allegation set forth in each and every averment herein is incorporated by this reference in each and every other averment and allegation of this pleading.

8. All acts and/or omissions perpetrated and/or engaged in by each defendant, in their individual capacities, were done maliciously, callously, oppressively, wantonly, recklessly, with deliberate indifference to the rights allegedly violated, despicably, with evil motive and/or intent, in disregard of the rights of plaintiffs and class members, and in clear violation of the federal Constitution and of the California Constitution, and of controlling federal law, both statutory and common law, as set forth by both the United States Supreme Court and the United States Court of Appeals for the Ninth Circuit.

9. On Aug. 27, 2021,

a. defendant Maldonado, without a valid warrant, absent reasonable suspicion, and without probable cause, arrested plaintiff, in retaliation for (1) defendant having filed a complaint with the LAPD concerning Maldonado's prior violations of plaintiff's constitutional rights and (2) plaintiff's spouse having filed federal legal actions against officers of the City of Los Angeles, and caused plaintiff to be held in custody until Aug. 28, 2021, and because he believed that plaintiff, as a homeless person could not make bail, set a long return date on the citation he issued to plaintiff, with a court appearance date of Dec. 29, 2021, to cause plaintiff to remain in custody from Aug. 27 to Dec. 31, for four months;

b. on Aug. 27, when plaintiff's lawyer visited the LAPD Pacific Division to visit plaintiff, who is his legal client, defendants Southard and others, some of whom are named defendants -- but which one of them did this plaintiff does not presently know, plaintiff was denied and refused to right to visit with his lawyer, and plaintiff then was taken on a road trip around Los Angeles, for no legitimate

4

reason, first to the LAPD 77th Division, then to Adventist Health, White Memorial Hospital, then back to the 77th Division, all the while being prevented from having contact with his lawyer, who tracked down plaintiff at each of those locations, and was refused by some Unknown Named Defendants plaintiff's right to consult with his legal counsel.

10. The non-LAPD defendants each and all are legally liable for all of this conduct because they caused it, ratified it, condoned it, or otherwise made it possible, by their actions and/or inactions, and caused and/or create LAPD policies, practices, procedures, and/or customs that caused the LAPD officers' unconstitutional conduct.

## COUNT ONE

(Against All Defendants, 42 U.S.C. § 1983)

11. Plaintiff realleges specifically the allegations set forth in averments 9 & 10, hereinabove, and by virtue thereof, all defendants are liable to plaintiff, pursuant to 42 U.S.C. 1983, for violation of plaintiff's Fourth Amendment rights, not to be subjected to unreasonable searches, seizures, stops, and arrests.

## COUNT TWO

(Against All Defendants for Conspiracy Under § 1983)

12. Plaintiff realleges specifically hereat the allegations set forth at averments nine through 11, hereinabove, and by virtue thereof, all defendants also are liable to plaintiff for conspiracy to violate Fourth Amendment rights and Fourteenth Amendment rights, pursuant to § 1983, because they had an agreement or understanding that the wrongs perpetrated would be perpetrated.

## COUNT THREE

(All Plaintiffs Against All Defendants Under Sec. 1983)

13. All defendants are liable to all plaintiff because they had and have, and foster, a policy, practice, procedure, and custom of Fourth Amendment violations

by members of LAPD, which policy, *etc.*, in violation of the Fourth Amendment, was a moving force that caused the violation of the plaintiff's rights, as alleged herein; and also the City Council and mayoral defendants are liable because they have a custom of improperly indemnifying, and of conspiring to indemnify, LAPD officers for punitive damages assessed against those officers by juries in civil rights cases, because that practice was a moving force that caused the violations of the plaintiffs' rights as alleged herein.

## COUNT FOUR

(Declaratory Relief Against All Defendants)

14. Pursuant to 28 U.S.C. §§ 2201-02, plaintiff is entitled to a declaration by the court that there is a custom of Fourth Amendment violations on the part of the Los Angeles Police Department, that said custom is fostered by lack of proper training, lack of proper supervision, lack of proper investigation of alleged police misconduct and complaints, lack of imposition of proper and adequate discipline against police officers, and the rubber-stamping of indemnifications of awards of punitive damages against LAPD officers by juries in civil rights cases.

## COUNT FIVE

(Injunctive Relief Against All Presently-Serving Defendants)

15. Pursuant to 28 U.S.C. § 1651, "The All Writs Act," and pursuant to § 1983, plaintiff is are entitled to and requests an injunction against this group of defendants, enjoining them from the following activities, because, it is alleged:

(1) Plaintiff and class members are suffering and will suffer ongoing, pervasive, and irreparable harm in the form of violations of the Fourth Amendment, as a result of the LAPD's terroristic, thuggish, murderous, and barbarous tactics and conduct, with a likelihood of substantial and immediate, irreparable injuries, which is caused by and continues to be caused by intentional and/or deliberately indifferent conduct of defendants, and a pervasive pattern of

misconduct as alleged herein, which flows from a custom or plan as alleged herein, all authorized, ordered, condoned, tolerated, acquiesced in, approved of, and ratified by defendants;

(2) There is a direct link between the non-police officer defendants' conduct and LAPD custom and practice, and the injuries suffered and continued to be suffered by plaintiff and class members;

(3) Plaintiff and class members repeatedly are subjected to Fourth Amendment violations;

(5) Plaintiff and class members are subject to being harmed by LAPD officers at any and all times;

(6) There have been repeated instances over many, many years, of violence, murder, torture, and barbarism, all Fourth Amendment violations, and serious bodily injury and unconstitutional arrests, visited by LAPD officers;

(7) There are continuing and present adverse affects and effects of LAPD officers violating the Fourth Amendment, and they cause the threatened injuries to be real and immediate;

(8) Plaintiff credibly alleges that he and class members Fourth Amendment rights will be violated by LAPD officers; and,

(9) There is a real and immediate threat of serious injury and of death, which presents a justiciable controversy.

Therefore, injunctive relief is sought to prevent defendants from engaging in the following conduct:

>Violation of the Fourth Amendment by LAPD offices;

>Rubber-stamping indemnifications of punitive damages levied against LAPD officers by juries in civil rights cases;

//

//

7

>Failing properly train LAPD officers with respect to the limitations the United States Constitution places on police under the Fourth Amendment;

>Failing properly investigate any claims of Fourth Amendment violations by any LAPD officer;

>Failing properly discipline any LAPD officer who violated the Fourth Amendment;

Prohibiting defendants:

>From indemnifying for an award of punitive damages against any LAPD officer who is found by a jury to have violated the Fourth Amendment;

## COUNT SIX
### (Against All Defendants Under The Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. 1961, *et seq.*)

16. The racketeering activity herein alleged is obstruction of justice, and the obstruction of justice occurred by defendants preventing plaintiff and class members from exercising their federal constitutional right, as set forth hereinabove.

17. Defendants unlawfully have engaged in the racketeering activity set forth in the preceding averments on thousands of occasions during the past 10 years, and from time immemorial, through a pattern of racketeering activity, and have acquired directly and indirectly control of an enterprise, the LAPD, which has engaged in and whose activities affect interstate commerce.

18. Defendants, who either are employed by or who are associated with, that racketeering enterprise, have conducted that enterprise through a pattern of racketeering activity, as set forth hereinabove.

19. Defendants unlawfully have conspired, as set forth hereinabove, to violate the provisions of 18 U.S.C. §§ 1962(b) and (c).

20. Plaintiff and class members all were injured in their business, property, and/or employment by reason thereof, and plaintiff and class members each and all

are entitled to damages, to be trebled, and plaintiff and class members each and all are entitled to injunctive relief as requested hereinabove.

### COUNT SEVEN
(Against The LAPD Officer Defendants At The Scenes Of The Violations)

21. These defendants are liable under the Fifth and Sixth Amendments of the United States Constitution for depriving plaintiff of his right to consult with his legal counsel and of obstruction of justice.

### COUNT EIGHT
(Cal. Civil Code §52.1, The Tom Bane Act)

22. The Bane Act makes liable under California law any person who intentionally interferes with a person's constitutional rights, which can be shown by a reckless disregard for that person's constitutional rights, and here the LAPD at-the-scenes officers acted with reckless disregard for plaintiff's constitutional rights.

23. These LAPD officers' conduct was unreasonable and was a substantial factor in causing plaintiff's harms and damages, and the defendants in their official capacities are liable for plaintiff's injuries.

24.-199. Reserved.

### COUNT NINE
(Violation of *Jus Cogens* International Law)

200. Defendants' actions, as set forth hereinabove, are in clear violation of and are prohibited by the *jus cogens,* peremptory norms of international law that, among other things, prohibit unlawful takings into custody by government.

201. Such *jus cogens,* peremptory norms are the law of the land in the United States of America, and plaintiff and class members are entitled to damages for the harm caused to them by defendants' violations of *jus cogens*, peremptory norms, and to declaratory and injunctive relief, because the Ninth Circuit, in *Siderman v. Republic of Argentina*, 965 F.2d 699 (9th Cir. 1992), has held these

prohibitions to be *jus cogens* norms. That is, plaintiff and class members claim defendants are liable to plaintiff and class members for subjecting them unlawful detentions, in violation of *jus cogens* peremptory norms of international law, whose violation, in turn, is a violation of the law of the United States of America, under the Supremacy Clause of the United States Constitution.

## COUNT TEN
(Violation of *Jus Dispositivum* International Law)

203. Defendants' actions, as set forth hereinabove, are in clear violation of the *jus dispositivum* treaty obligations entered into by the United States of America, and which obligations, pursuant to Article VI, Clause 2 of the United States Constitution (the Supremacy Clause), are "the supreme law of the land . . . any thing in the Constitution or laws of any state to the contrary notwithstanding."

204. The specific treaties whose provisions prohibit unlawful detentions and cruel and unusual punishments, to which the United States of America is a signatory, and whose provisions were violated by defendants, are: Universal Declaration of Human Rights, G.A. Res. 217 (A) (III), U.N. Doc. A/810 at 71 (1948); the Declaration on the Protection of All Persons from Being Subjected to Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, G.A. Res. 3452 (1975); Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, G.A. Res. 39/46, annex 39 U.N. GAOR Supp. (No. 51) at 197, U.N. Doc. A/39/51, art. 1 (1984); Body of Principles for the Protection of all Persons under Any Form of Detention or Imprisonment, G.A. Res. 43/173, 43 U.N. GAOR Supp. (No. 49), U.N. Doc. A/43/49, at 297, Principle 5 (1988); the American Convention on Human Rights, O.A.S. Treaty Series No. 36, at 1, OEA/Ser. L./V/II.23 doc. Rev. 2, Art. 5); International Covenant on Civil and Political Rights, G.A. Res. 2200A (XXI), 21 U.N. GAOR Supp. (No. 16) at 52, U.N. Doc. A/6316 (1966), 999 U.N.T.S. 171, Art. 7; and, the European Convention for the Protection of Human Rights and Fundamental Freedoms, 213

U.N.T.S. 222, Art. 3, and by engaging in the conduct alleged, defendants violated those treaties and conventions, and thereby violated the laws of the United States of America, through the Supremacy Clause.

205. By virtue of the violations of the provisions of these treaties, plaintiff and class members are entitled to recover nominal damages and punitive damages from defendants, and to declaratory and injunctive relief.

206.-220. Reserved.

## CLASS ACTION ALLEGATIONS

221. Plaintiff is a member five classes: (1) the class of persons who have been harmed by the actions as set forth hereinabove; (2) the class of persons who are the families of and heirs or successors in interest of class (1); (3) the class of persons who presently are or who likely will become members of class (1); (4) the class of persons who will be the heirs or successors in interest to the persons who are members of class (3); and, (5) members of the public, such as plaintiff, who either have been harmed, or will be hurt and harmed by the reckless activities of the LAPS.

222. These classes are so numerous that joinder of all members is impracticable, and also, because only defendants know the names of all the members of class (3), and are the only persons who have information sufficient to identify the members of class (4), it is impracticable to join the members of those classes in these actions.

224. There are common questions of fact and of law with respect to each class.

225. The claims made by the representative parties are typical of the claims of each class' claims.

226. The representatives of each class fairly will represent and adequately protect the interests of all class members, and will do so both vigorously and zealously.

227. Prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to class members, which would establish incompatible standards for parties opposing the classes, and defendants have acted and refused to act on grounds generally applicable to each class, and class questions predominate with respect to each class.

228. Therefore, these actions are maintainable under F.R. Civ. P. Rule 23(a), (b)(1)(A),(B)(1),(2), and (3).

229. It is impracticable to measure the size of the classes, but they are as large as the numbers of suspects encountered at any given by LAPD officers at time, or over a period of time.

230. The nature of the notice to be provided to class members could be as follows: (1) with respect to class (5), an advertisement or public service notice could be placed in appropriate media; and (2) with respect to classes (3) and (4), once they are identified, the court could fashion an appropriate notice.

**WHEREFORE**, plaintiff and class members request relief against each defendant as follows:

1. Compensatory damages for all non-RICO violations;

2. Compensatory damages for all RICO violations, to be trebled;

3. Punitive damages on all non-*Monell* claims, sums to be determined by a jury, and as a percentage of the net worth of each defendant, in sums sufficient to deter future misconduct, and not less than $1,000,000.00 per defendant;

4. Injunctive relief, according to law;

5. The costs of action and interest;

6. Attorneys' fees; and,

7. Such other relief as is just and proper.

## JURY DEMAND

Plaintiff demands trial by jury of all issues.

**YAGMAN + REICHMANN, LLP**

By: /s/ Stephen Yagman
**STEPHEN YAGMAN**